# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARCHULETA-ALLODIAL,

    Plaintiff,

v.                                                                                          No. 1:19-cv-00085-MV-SCY

JOHN R. CHAVEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 29, 2019 ("Application"). For the reasons stated below, the Court will **GRANT** the Application and **DISMISS** this case **without prejudice.**

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that states that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). A litigant need not be "absolutely destitute," and "an

affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $1,274.00 in disability and food stamps; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $1,027.00; and (iv) Plaintiff has no cash and no money in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly income only slightly exceeds his monthly expenses, he is unemployed, and he has no cash or money in bank accounts.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed January 29, 2019. The Complaint, which is difficult to understand, appears to assert civil rights and defamation claims against a state-court judge, stating:

> Mr. John R. Chavez and Co conspirators are of the Alien Hispantee and New Mexico Corporation and (Not) trustees governing or adjudicating Judis Prudence of the Law if the lands Precedent and explicit Rights of Pari Passu and The United State Constitutions Paramount Law of the Land: wilful error. Case no. M-60-MR 2018-00360 and 00377.
> . . . .
>
> City of Belen Issuance (Not) Sovereign Grand Jury indictment * mistrial, Double Jeopardising the integraty of the Law and end of Justice affording and Mandating 42 USC 1980-85 Compensation for Slavery Due to tyrant treason and Terror Wiful Acts of Volition.
> . . . .
>
> [Plaintiff] believe[s] that [he] is entitled to the following relief: * as Precribed Preliminary injunction Barring (Estoppel) invalid Proceedings and libo and slander Breach of Contract (impeachment - En banc.); Disbarring Co. Compensation Demand: (5) Million Dollars from the New Mexico State treasury Without Delay, - Counter Indictment Civil criminal.

[sic] Complaint at 2-3, 5. State of New Mexico records show that the two case numbers referenced in the Complaint refer to cases before Judge John R. Chavez in Valencia County Magistrate Court - Belen, with Plaintiff as a defendant charged with harassment and use of telephone to terrify, intimidate, threaten, harass, annoy or offend.

Plaintiff's Complaint fails to state a claim on which relief can be granted pursuant to 42 U.S.C. § 1983 because "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). The Complaint also fails to state a claim pursuant to the various federal statutes and articles of the Constitution cited by Plaintiff because there are no supporting factual allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Complaint fails to state a claim on which relief may be granted. The Court, therefore, dismisses this case without prejudice.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 29, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**